**Levester LOGGINS, Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 54715.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 13, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1989.

Application to Transfer Denied
March 14, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of capital murder and sentenced to life imprisonment without parole for 50 years. We affirmed his conviction on direct appeal. *State v. Loggins,* 698 S.W.2d 915 (Mo.App. 1985).

Movant, the victim, and several other people, including Anthony McIntyre and Nathanial Gibson, drove in a van to Art Hill in Forest Park early one morning. The victim and McIntyre had been quarrelling, and at one point, McIntyre threatened to kill the victim.

Once at Art Hill, the victim, McIntyre and Gibson went to an area where sledders had built a bonfire. Gibson returned to the van and observed movant making a noose with some rope. Gibson and movant then went to the bottom of the hill where they were joined by the victim and McIntyre. Movant looped the noose around the victim's neck and drew it taut. Movant then sat on the victim's chest and strangled him. McIntyre took the end of the rope, threw it over a tree, and began pulling. Movant removed the rope from the victim's neck and kicked snow over the body.

When movant returned to the van, his girlfriend Detrice Edmundson and his cousin Anna McIntosh asked him where the victim was. Movant told them he was sleeping. Later, Edmundson asked movant, "Did you kill the [victim]?" Movant replied, "Yes, we killed him."

Movant filed a motion to vacate sentence and appointed counsel filed an amended petition under Rule 27.26. He alleged his trial counsel was ineffective in various re-

spects including: 1) his decision to call Ella Garland as a character witness with the result that the state was allowed to cross-examine her regarding movant's otherwise inadmissible previous arrests and misdemeanor conviction; 2) his failure to interview and call movant's co-defendant McIntyre; and 3) his failure to object to certain hearsay testimony from one of the state's witnesses.

Movant, his parents and two witnesses who movant claimed his trial counsel should have interviewed testified at the motion hearing. Movant's trial counsel testified for the state. Based on its detailed findings of fact and conclusions of law, the motion court denied relief.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State*, 613 S.W.2d 863, 867 (Mo.App.1981). *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App. 1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

In determining whether counsel's performance was deficient, the inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. The motion court should make every effort to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel might be regarded as sound trial strategy. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986), citing *Strickland v. Washington*, 466 U.S. 668, 688–89, 104 S.Ct. 2052, 2065, 80 L.Ed. 2d 674 (1984).

If counsel's conduct is found not to meet the proper standard, a movant still must show that the error had an adverse effect on the defense, that is, any deficiencies must be prejudicial. The fact that an error by counsel might have had some conceivable effect on the outcome is not sufficient. Rather, movant, when challenging a conviction, must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. In determining whether a reasonable probability exists, the court hearing an ineffectiveness claim must consider the totality of the evidence before the fact finder. *Strickland v. Washington*, 466 U.S. 668, 691–96, 104 S.Ct. 2052, 2066–69, 80 L.Ed.2d 674 (1984); *Richardson v. State*, 719 S.W.2d 912, 915–16 (Mo.App.1986).

■ We first consider movant's contention that his trial counsel was ineffective in failing to investigate his arrest and conviction record before calling Garland as a character witness. Counsel testified that movant was determined to have Garland, a longtime friend, testify as to movant's good character. Counsel inquired of movant concerning his arrest and conviction record, and movant responded that he had been arrested once. At trial, Garland testified movant had a "good reputation," and was peaceful and non-violent. The prose-

cutor cross-examined Garland by inquiring whether she was aware that movant had been arrested several times, including once for sexual abuse, and whether she was aware of movant's misdemeanor conviction for attempted stealing.

Movant contends he is entitled to a new trial because of counsel's failure to investigate his criminal record beyond the information he gave counsel. The contention is not well taken. This information, unrelated to the merits of the case against him, was well known to movant. In fact, we can think of few events in a person's life which would be more impressed on his or her mind than a conviction or arrest. If movant's convictions or arrests were so numerous that he could not remember them, he should have told counsel as much. Counsel has a right to rely, without further inquiry or resort to a polygraph, on a client's statements as to certain historical events in the client's life. Is counsel required to verify information given him by a client concerning who the client's parents are, what the client's sex is, where and when he was educated or employed, or what the client's marital status is? We think the answer to these questions is no, and we believe it would be absurd in this case to condemn counsel and grant movant a new trial because movant deliberately lied to counsel, and counsel made the "mistake" of believing his client.[1]

Furthermore, we conclude movant was not prejudiced by the evidence resulting from counsel's decision to put the character witness on the stand. Aside from the state's eyewitness who testified at trial that he saw movant strangle the victim, the eyewitness' testimony was corroborated by both movant's girlfriend and his cousin. Also, movant's girlfriend testified movant admitted to her that he killed the victim. Thus, the case against movant was strong. In fact, movant admits in his brief that the state's evidence was "legally sufficient" to support a conviction. We conclude movant has failed to show there is a reasonable probability that, absent the evidence of movant's arrests and misdemeanor conviction, the fact finder would have a reasonable doubt respecting guilt.

■ Movant next contends the motion court erred in excluding the testimony of his co-defendant, McIntyre. Through McIntyre's testimony movant proposed to show counsel's ineffectiveness in not interviewing and calling McIntyre at movant's trial. To establish counsel's ineffectiveness in this respect, movant had to prove, among other things, that McIntyre would have testified when called. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984). We decided in movant's direct appeal that the trial court did not err in excluding McIntyre's testimony when his counsel stated on the record, unequivocally, that McIntyre would not testify under any circumstances. *Loggins*, 698 S.W.2d at 918. This ruling precludes movant from satisfying the *Hogshooter* requirement, and thus the motion court did not err in excluding McIntyre's testimony.

■ Finally, movant contends counsel was ineffective for failing to object to an inference of hearsay resulting when a po-

---

1. Movant cites *State v. Pitsch*, 124 Wis.2d 628, 369 N.W.2d 711 (1985) in which the Supreme Court of Wisconsin held that counsel's reliance on his client's statements regarding his prior convictions constituted ineffective assistance of counsel. We find both the result and reasoning in *Pitsch* to be faulty. The ABA Standards for Criminal Justice which the court relied on for its conclusion actually do more to support our own conclusion. The court in *Pitsch* relied on the following passage:

"It is the duty of the lawyer to conduct a prompt investigation *of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction.* The inves-

tigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer *of facts constituting guilt or the accused's stated desire to plead guilty.*" ABA Standards for Criminal Justice, The Defense Function, section 4–4.1 (2d ed. 1982).

*Pitsch*, 369 N.W.2d at 717. (Emphasis ours.)

As we emphasized above, the statement in issue here did not affect the merits of the state's case, nor did it relate to the facts constituting guilt. Rather, the statement pertained to certain historical facts which should have been known to movant.

674

lice officer testified that after interviewing a witness, he proceeded to arrest movant. No complaint about the testimony was made on direct appeal. The state contends the testimony in question was not inadmissible hearsay. Recently, we held counsel was not ineffective for failing to object in precisely the same circumstances as in the case at bar. *Mills v. State*, 757 S.W.2d 630, 635 (Mo.App.1988). Also, we conclude, as we did with respect to the testimony of movant's character witness, that absent the allegedly objectionable testimony, there is no reasonable probability that the fact finder would have a reasonable doubt respecting guilt.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.