**James Michael DAVIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 58090.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 11, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 1991.

Virginia Busch, Public Defender, St. Charles, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Movant, James Michael Davis, appeals the denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Movant raises two points on appeal contending that the motion court erred in denying his 29.15 motion without an evidentiary hearing because: (1) appellant received ineffective assistance from his post-conviction counsel in that he failed

to comply with Rule 29.15(e), (f) and (g); and (2) appellant pleaded factual allegations in his *pro se* motion which, if proved, would warrant relief and are not refuted by the record, in that trial counsel failed to move for a change of venue. We affirm.

Movant's conviction of capital murder, and sentence of life imprisonment without possibility of probation or parole for 50 years was affirmed in *State v. Davis*, 653 S.W.2d 167 (Mo. banc 1983). On June 7, 1988, movant filed a *pro se* motion to vacate, set aside, or correct his conviction and sentence alleging: (1) the trial judge showed partiality to the state and hostility toward movant's trial counsel; (2) trial court should have *sua sponte* granted a change of venue due to pretrial publicity; (3) trial counsel was ineffective because he failed to press for a change of venue; and (4) the trial court should have *sua sponte* granted a mistrial or a directed verdict due to prosecutorial misconduct. Movant also filed a motion requesting that the trial judge recuse himself from consideration of the 29.15 motion. As movant was indigent, the Office of the Public Defender was appointed the same day to assist him. On June 30, 1989, the trial judge disqualified himself from consideration of the motion for post-conviction relief.

On August 25, 1989, the state moved to dismiss the 29.15 motion. A hearing on the state's motion to dismiss was held on December 12, 1989. At that hearing movant was represented by a successor counsel from the Office of the Public Defender who requested leave to file an amended motion on movant's behalf. The hearing was continued to February 27, 1990, when the motion court entertained both the state's motion to dismiss and movant's request for leave to amend. On March 7, 1990, the motion court denied movant's request for leave to amend, dismissed the 29.15 motion without an evidentiary hearing, and made findings of fact and conclusions of law based on the four grounds in the *pro se* motion.

■ In his first point on appeal, movant argues that his motion counsel abandoned him by failing to investigate the case, re-

quest an evidentiary hearing, and to amend the *pro se* motion as required by Rule 29.15. The motion court appointed counsel to assist movant immediately following the filing of the *pro se* motion. Three weeks after his appointment, motion counsel entered his appearance. His next action on movant's behalf was a phone call placed to movant in jail on or about the thirtieth day following the appointment. Motion counsel did not visit movant until August 8, 1988, which is past the deadline for amendment imposed by Rule 29.15(f).

In pertinent part, Rule 29.15 places an affirmative obligation on movant's counsel to:

(e) ... [A]scertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

(f) Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed. ...

(g) A request for a hearing shall be made by motion on or before the date an amended motion is required to be filed ...

In *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), our Supreme Court asserted that counsel must, "after sufficient communication with movant, amend the motion to state factually in a lawyerlike fashion the basis for all claims for relief which movant claims to have...." *Id.* at 483. Our Supreme Court has also held that the deadline in Rule 29.15(f) is absolute and not subject to exception. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri*, —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

■ Motion counsel failed to carry out the duties mandated by the Rule. The record shows that movant claimed that there were grounds known to him that

**34**

were not included in the *pro se* motion and that he told motion counsel of these grounds during their telephone conversation. Nonetheless, motion counsel neither amended the motion to include those grounds, nor asked for an extension to do so. While we recognize that the public defender system is overburdened, that does not excuse motion counsel's failure to comply with Rule 29.15.

However, allegations of ineffective assistance of post-conviction counsel are not generally cognizable on appeal. *Sloan v. State*, 779 S.W.2d 580, 583 (Mo. banc 1989). Despite this general proposition, a complete abandonment by a party's motion counsel may necessitate remand with appointment of new counsel. *Webster v. State*, 796 S.W.2d 79, 80 (Mo.App.1990).

However, our holding in *State v. Perez*, 768 S.W.2d 224 (Mo.App.1989), leads us to the conclusion that the relief of reversing and remanding for amendment of the *pro se* motion is warranted only if the record indicates that movant had a justiciable claim which counsel failed to present to the motion court. In the instant case, despite motion counsel's failure to perform as mandated by Rule 29.15, we will not remand unless movant has a justiciable claim that was not presented to the motion court. The element of prejudice to the movant is an essential precursor to remand. Moreover, any ground that movant claims was not properly presented must be identified by movant to this court on appeal. *Id.* at 228.

The record reveals several grounds that movant argued should have been included in an amended motion. These include: (1) trial counsel was ineffective for failure to argue that movant's confession was coerced, for failure to obtain a change of venue, and for failure to develop a defense based on movant's psychomotor defects; (2) the trial judge was not impartial because there was considerable animosity between him and movant's trial counsel arising from a prior incident; and (3) the trial judge showed this lack of impartiality by shaking hands with one of the state's witnesses.

The motion court correctly noted that the grounds of the allegedly coerced confession and psychomotor defects should have been raised on appeal. An issue which could have been raised on direct appeal, even though it is a constitutional claim, may not be raised in a post-conviction motion, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances. *McCrary v. State*, 529 S.W.2d 467, 472 (Mo.App.1975). Such circumstances are not present here.

Movant's brief on appeal reiterates only that ground in the record alleging that the trial judge was not impartial. Movant argues that facts alleged in the *pro se* motion which supported this ground were insufficient to comply with Rule 29.15 and that the motion should have been amended to state sufficient facts. Movant specifically refers to the "shaking hands allegation." Since the issue of the trial judge's impartiality was decided on appeal, *State v. Davis*, 653 S.W.2d at 177, the "shaking hands" allegation does not rise to the level of a factual allegation indicating a justiciable claim. Thus, movant was not prejudiced by motion counsel's failure to amend the *pro se* motion.

In his second point, movant alleges that the motion court erroneously denied his motion for post-conviction relief because his *pro se* motion's third ground pleaded factual allegations of trial counsel's ineffective assistance which, if proved, would warrant relief, and which were not refuted by the record.

We will find for the movant on this issue only if we are convinced that the motion court's denial without an evidentiary hearing was clearly erroneous. Rule 29.15(j); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). As a preliminary matter, the record does not indicate that movant requested an evidentiary hearing. Rule 29.-15(g). This alone would justify the decision not to grant an evidentiary hearing according to the time limits found inviolable by *Day v. State*, 770 S.W.2d at 696. However, movant argues that, but for motion counsel's failure, a proper request for an evidentiary hearing would have been filed.

We conclude nonetheless that, even if such a request had been filed, the motion court correctly denied the motion without granting an evidentiary hearing.

In its findings, the motion court focused on the four grounds alleged in the *pro se* motion. Of the four, movant complains only of the finding addressing trial counsel's alleged ineffectiveness for failing to push for and obtain a change of venue. The issue thus becomes whether this allegation contains sufficient facts which, if proved, would warrant relief, and which were not refuted by the record.

■ To prevail on the issue of ineffective representation, movant must show that his counsel failed to exercise the customary skill of a reasonable attorney; and second, that movant was prejudiced by such failure. *Sanders v. State*, 738 S.W.2d at 857.

■ Rule 32.04 provides that a change of venue may be obtained where the inhabitants of the county are prejudiced against the defendant. Movant claims that the numerous newspaper reports unduly influenced the inhabitants of the county in which the trial was held and predisposed the jurors to finding guilt. The state argues that because more than three years passed between the crime and movant's trial, the existence of news articles was not sufficient to warrant a change of venue. The state relies on *State v. Schneider*, 736 S.W.2d 392 (Mo. banc 1987), *cert. denied* 484 U.S. 1047, 108 S.Ct. 786, 98 L.Ed.2d 871 (1988), for the proposition that the mere existence of several newspaper articles does not automatically prejudice a jury. We agree. Furthermore, the substantial delay preceding the trial severely decreases the likelihood that jurors were affected by the trial by newspaper stories published some three and one-half years prior thereto. Therefore, we conclude that the motion court did not clearly err.

Judgment affirmed.

CRANDALL, C.J., and REINHARD, J., concur.