Wilbert **TATE**, Movant/Appellant,

v.

**STATE of Missouri**, Respondent/Respondent.

No. 60468.

Missouri Court of Appeals, Eastern District, Division One.

April 21, 1992.

Gary E. Brotherton, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his Rule 29.15 motion following an evidentiary hearing. We remand.

Movant was convicted by a jury of first degree assault, § 565.050, RSMo 1986, and armed criminal action, § 571.015, RSMo 1986. He was sentenced by the court as a prior offender to 30 years imprisonment on each count, to be served consecutively. We affirmed his conviction and sentence in *State v. Tate*, 817 S.W.2d 578 (Mo.App. 1991).

Movant filed a timely *pro se* Rule 29.15 motion on February 23, 1990 and a timely request for an evidentiary hearing. The Office of Special Public Defender was appointed to represent movant on May 9, 1990. No amended motion was ever filed on movant's behalf.[1]

An evidentiary hearing was held on December 21, 1990. The court issued findings of fact, conclusions of law, and an order denying the motion. This appeal followed.

---

1. Movant was represented by counsel at the evidentiary hearing and a pre-hearing confer-

Our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Brummel v. State*, 770 S.W.2d 379, 380 (Mo.App.1989). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

Movant's principal point on appeal contends that the motion court clearly erred in denying the motion without determining whether the mandates of *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991) and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991) were satisfied in that no amended motion was filed and the motion court failed to conduct any inquiry into whether counsel had taken sufficient action to determine whether an amended motion was unnecessary under Rule 29.15(e). The State agrees and joins in the request for remand.

Rule 29.15(e) states, in pertinent part:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

In *Luleff*, 807 S.W.2d at 495, the supreme court held that where counsel determines that filing an amended motion is not warranted, counsel should make that determination part of the record. *Id.* at 498. A record that does not indicate whether appointed counsel made the determination required by Rule 29.15(e) creates a presumption that counsel failed to comply with the rule. *Id.*

ence.

The record does not indicate whether counsel complied with Rule 29.15(e). Accordingly, we remand the matter to the motion court for its determination of whether the failure to file an amended motion was due to the inattention of counsel or from the negligence or intentional conduct of defendant and for further proceedings as required by *Luleff. State v. Hill; Hill v. State,* 823 S.W.2d 98, 103. (Mo. App.E.D.,1991).

Remanded.

GARY M. GAERTNER and CRANE, JJ., concur.