**Randall WILHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 61344.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 1, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 7, 1993.

Application to Transfer Denied
Feb. 23, 1993.

**594**

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen.; Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Defendant appeals the denial of his Rule 24.035 motion after an evidentiary hearing. The record reveals that on or about March 7, 1990, defendant escaped from the Missouri Department of Corrections facility in Pacific Missouri. The following day defendant burglarized a private home in St. Louis County, during which he assaulted two of the residents using a kitchen knife found on the premises. After being apprehended defendant was charged in an indictment, amended by information, of escape and in a second indictment, also amended by information, of burglary, two counts of assault and two counts of armed criminal action. Defendant was also charged as a Persistent Offender (§ 558.016 R.S.Mo. 1986) (all further references are to R.S.Mo. 1986 unless otherwise noted) and a Class X Offender (§ 558.019). Defendant entered pleas of guilty to: 1) Escape From Confinement (§ 575.210), 2) Burglary in the First Degree (§ 569.160), 3) Assault in the First Degree (§ 565.050), 4) Armed Criminal Action (§ 571.015.1), 5) a second charge of Assault in the First Degree (§ 569.050), 6) and a second charge of Armed Criminal Action (§ 571.015.1). The trial court found defendant to be a Persistent offender and a Class X offender, and sentenced him to concurrent terms of imprisonment in the Missouri Department of Corrections of: 1) ten years, 2) thirty years, 3) thirty years, 4) forty-eight years, 5) thirty years, and 6) forty-eight years, respectively. The trial court ordered that these sentences were to be served consecutively and/or concurrently with the balance on prior sentences for Sodomy and Kidnapping, Rape, and Assault in the Second Degree.

On appeal defendant contends that the motion court erred in denying his claims of ineffective assistance of trial counsel in that counsel failed to: 1) pursue a change of venue, and 2) adequately meet with him to discuss his claim that two witnesses gave contradictory statements, seek a continuance, and that she coerced him to plead guilty. Further, defendant alleges that she instructed him to express satisfaction with her services and that his expressions of satisfaction during his guilty plea proceeding are irrelevant, and the motion court should not have relied on them. In his third point defendant claims error in the denial of his motion because his motion counsel was ineffective in failing to: a) present evidence to establish his right to a change of venue, b) develop that his trial counsel coerced him to plead guilty, and c) pursue the alleged inconsistent witness statements. Defendant and his trial counsel testified at the evidentiary hearing. We affirm.

Review of a post-conviction motion is limited to a determination of whether the motion court clearly erred. Rule 24.035(j); *McPherson v. State*, 818 S.W.2d 708, 709[1] (Mo.App.1991). The motion court's actions are deemed clearly erroneous only if a full review of the record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.* Defendant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Jones v. State*, 773 S.W.2d 156, 158[1–2] (Mo.App.1989). Further, to prevail on a claim of ineffective assistance of counsel defendant must show that counsel failed to provide reasonably effective assistance and that defendant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064[5–6], 80 L.Ed.2d 674 (1984). Absent a showing to the con-

trary, counsel is presumed to have provided effective assistance. *Id.* 466 U.S. at 689, 104 S.Ct. at 2065[11]. Where a guilty plea has been entered, the issue of effectiveness of counsel is material only to the extent it affects whether the plea has been voluntarily and knowingly made. *McShan v. State,* 774 S.W.2d 846, 847 (Mo.App.1989). To be successful in a claim of ineffective assistance of counsel after a guilty plea the defendant must show that counsel made errors so serious that his representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369[1], 88 L.Ed.2d 203 (1985). In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* 474 U.S. at 57, 106 S.Ct. at 370[3].

Here the record reveals that defendant, while under oath during the guilty plea proceeding, unequivocally indicated that he was entering a plea of guilty of his own free will. He further indicated that his trial counsel had done everything he requested, he had no witnesses, and he was satisfied with his trial counsel's services. Moreover, defendant expressly admitted that he had committed the crimes with which he had been charged. Defendant was given ample opportunity to express to the court any reservations he may have had concerning his guilty plea. Further, the record reveals that defendant had considerable prior experience with the criminal justice system.

In his first point defendant asserts that the motion court erred wherein it denied his claim that his trial counsel was ineffective for failing to pursue a motion for a change of venue and failing to investigate and litigate the necessary motions. Defendant filed a pro se motion for a change of venue, which was not ruled on by the trial court prior to his guilty plea. Defendant alleges that the publicity generated by his participation in the prison-break and the ensuing manhunt warranted a change of venue.

Whether to grant a change of venue for pretrial publicity is a matter left within the trial court's discretion. *State v. Schneider,* 736 S.W.2d 392, 402[10] (Mo. banc 1987). The mere existence of pretrial publicity does not automatically require a change of venue. *Davis v. State,* 804 S.W.2d 31, 35[10] (Mo.App.1990). Defendant's pro se motion for relief under Rule 24.035 is not in the record and the amended motion filed by his counsel fails to set forth sufficient facts which if proved would warrant relief. The amended motion fails to include the reasons why defendant was entitled to a change of venue. Defendant claimed, in his motion and at the hearing, that he would not have entered a guilty plea if venue had been changed. At the motion hearing defendant's testimony concerning the publicity of his escape was limited to the statement that it "was in every newspaper that was put out. I mean [naming two St. Louis newspapers] and just about every paper I read." However, defendant offered no other testimony or evidence as to the nature of the publicity, when it occurred and how often. The motion court found defendant's testimony at the hearing failed to show that he was entitled to a change of venue and was directly contradictory to his testimony at his plea. We find no basis in the record to conclude that the motion court erred in its findings.

In his second point defendant alleges that his trial counsel was ineffective in failing to adequately confer with him to prepare a defense. He alleges that: 1) the victims gave contradictory statements, 2) at the motion hearing his trial counsel acknowledged "intense discussions" about entering the guilty plea which, defendant claims, corroborates that she focused only on obtaining his plea, and 3) she failed to seek a continuance.

A guilty plea generally waives any complaint defendant might have about trial counsel's failure to investigate his case. *Fox v. State* 819 S.W.2d 64, 66[3] (Mo.App. 1991). Further, defendant must show what the testimony of the alleged witnesses

would have been and how it would have helped him. *State v. Fraction*, 782 S.W.2d 764, 770[9] (Mo.App.1898). The record fails to reveal what these alleged contradictory statements were or how they would have helped defendant's case. Defendant failed to establish any facts entitling him to relief.

The transcript of the trial counsel's testimony at the *motion hearing* indicates that the "intense discussions" were directed to the length of the sentences defendant would receive. Defendant's claim that he was coerced into pleading guilty is not supported by the evidence and is refuted by the testimony before the motion court.

Defendant testified that he wanted a continuance, in spite of his request for a speedy trial, because he was not ready to go to court and if a motion had been filed, he would not have pled guilty. This allegation is refuted by his testimony at the guilty plea proceeding. We find no basis in the record to conclude that the motion court erred.

Additionally, in his first and second points, defendant asserts that the motion court erred in relying on his testimony at the guilty plea that he was satisfied with his counsel's services and that this testimony is irrelevant. Defendant alleges that his trial counsel instructed him to "go along with whatever the judge ask [sic] you." He claims that compliance with counsel's instructions to express satisfaction does not transform ineffective assistance into reasonably professional conduct. The fact that defendant's attorney may have told him to lie, without more, does not taint the voluntariness of his plea. *Wade v. State*, 698 S.W.2d 621, 623[6–7] (Mo.App. 1985). Defendant's claim that he was instructed to "go along" with the judge's questions, without regard to the truth, is conclusory. There is no indication in the record what answers of the defendant were lies, if any. Defendant has not alleged sufficiently specific facts in this regard. *Id.* The motion court did not clearly err in relying on defendant's statements of satisfaction with his trial counsel's services.

In his third and final point, defendant asserts that the motion court erred

in denying his post-conviction motion and that a new hearing is necessary due to the ineffective assistance of his post-conviction motion counsel. Generally, allegations of ineffective assistance of post-conviction counsel are not cognizable on appeal. *Davis*, 804 S.W.2d at 34[3–4]. An exception is that a complete abandonment by motion counsel may necessitate a remand with appointment of new counsel. *Id.* Where there appears to be abandonment by the motion counsel the court must make a record to determine if counsel's conduct constitutes abandonment. *Luleff v. State*, 807 S.W.2d 495, 498[3–7] (Mo. banc. 1991). Such is not the case here. The record reveals that motion counsel filed an amended motion, a hearing was held in which defendant and his trial counsel testified and his motion counsel took an active part. Clearly, defendant's post-conviction motion counsel did not abandon him. Point denied.

Judgment affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.