Wilbert TATE, Appellant,

v.

STATE of Missouri, Respondent.

No. 63071.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 21, 1993.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a July 22, 1992 judgment entered after remand by this court for a determination under *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), of whether Defendant's postconviction counsel complied with Rule 29.15(e) despite her failure to file an amended motion. Defendant also appeals the denial of his Rule 29.15 motion entered on January 7, 1991. We affirm.

A jury convicted Defendant of first degree assault and armed criminal action. This court affirmed his convictions and sentences. *State v. Tate*, 817 S.W.2d 578 (Mo.App.1991). Defendant then appealed the denial of his Rule 29.15 motion after an evidentiary hearing. This court remanded the case for a determination of whether failure to file an amended motion was due to the inattention of counsel or from the negligence or intentional conduct of Defendant, and for further proceedings as required by *Luleff*, 807 S.W.2d at 495. *Tate v. State*, 830 S.W.2d 501, 502–03 (Mo.App.1992).

In Point I, Defendant argues the motion court erred in finding no abandonment by his postconviction counsel. He contends his counsel failed to perform as required by Rule 29.15(e), because she "never sought"

him to determine "whether [he] has included all grounds known to him as a basis for attacking the judgment and sentence." Rule 29.15(e). In such a case, he contends, *Luleff* requires the motion court to appoint new counsel for him and allow him to amend his *pro se* motion.

Even so, the relief requested by Defendant "is warranted only if the record indicates that [he] had a justiciable claim which counsel failed to present to the motion court." *Davis v. State*, 804 S.W.2d 31, 34 [5] (Mo. App.1990); *See also, Pollard v. State*, 807 S.W.2d 498, 502 [7] (Mo. banc 1991); *Carr v. State*, 819 S.W.2d 84, 87 [1] (Mo.App.1991). Defendant must show he was prejudiced by his counsel's failures by alleging what grounds which his counsel failed to present to the motion court. *Davis*, 804 S.W.2d at 34 [5].

At the hearing, Defendant's testimony failed to show he had a justiciable claim which his counsel failed to present to the court. He merely testified he wanted his attorney to contact him before the 29.15 hearing to go over unspecified questions he had about the trial. Defendant's attorney testified she read Defendant's *pro se* motion and the trial transcript. She then determined there were no other proper allegations to be made in an amended motion. Furthermore, at a pretrial conference, Defendant's lawyer, the State and the court methodically went through each allegation of Defendant's Rule 29.15 motion. Defendant has shown no prejudice. Point denied.

■ In Point II, Defendant asserts his trial counsel was ineffective for failing to properly investigate and call as witnesses the victim's mother, Sophia Oldham, and a nurse named Debbie, whose last name is unknown.

■ To demonstrate ineffective assistance of counsel for failure to call witnesses, Defendant must show the witnesses could have been located through reasonable investigation, they would have testified if called, and their testimony would have presented a viable defense. *State v. Henderson*, 826 S.W.2d 371, 378 [21, 22] (Mo.App.1992).

Defendant failed to meet his burden. The only evidence about the necessity of calling these witnesses was Defendant's own testimony. Neither Sophia Oldham nor "Debbie" testified. Defendant's lawyer testified to the contrary, but his testimony was equivocal. The motion court found Defendant's evidence unconvincing to show whether either of these witnesses could be located. It further found the evidence was unpersuasive regarding what those witnesses may have testified. Defendant had an evidentiary hearing but failed to convince the court of his contentions. We find no clear error in the motion court's findings. Rule 29.15(j). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.