**Michael CHURCH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 20693.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 15, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, Jefferson City, for respondent-respondent.

BARNEY, Presiding Judge.

Michael Church (Movant) pleaded guilty to the Class D felony of attempted stealing pursuant to § 570.030, RSMo 1994. He was sentenced to five years in the Missouri Department of Corrections. From this plea and sentence, Movant filed his Rule 24.035 motion for postconviction relief. After an evidentiary hearing, the court denied his motion.

Movant appeals the denial of his Rule 24.035 motion. He claims he was denied effective assistance of counsel in that counsel led Movant to believe that he would receive drug treatment if he pled guilty. Movant also contends that counsel misinformed him that the state of Oklahoma could not file a detainer against him on his escape charge from that state.[1]

Review of a postconviction motion is limited to a determination of whether the motion court clearly erred. *Wilhite v. State*, 845 S.W.2d 592, 594 (Mo.App.1992). The motion court's findings of facts and conclusions of law are presumed correct, *State v. Rice*, 887 S.W.2d 425, 427 (Mo.App.1994), and will be deemed clearly erroneous only if a full review of the record leaves this Court with a definite and firm impression that a mistake has been made. *Wilhite*, 845 S.W.2d at 594.

To prevail on a claim of ineffective assistance of counsel defendant must show that counsel failed to provide reasonably effective assistance and that defendant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Absent a showing to the contrary, counsel is presumed to have provided effective assistance. *Wilhite*, 845 S.W.2d at 594–95. Movant must prove by a preponderance of the evidence that his counsel was ineffective. *Id.* at 594. "[O]nce a guilty plea is entered, the adequacy of representation becomes immaterial except to the extent that the ineffectiveness of counsel bears on the issue of the voluntary nature and understanding of the plea." *State v. Rahberger*, 747 S.W.2d 724, 725 (Mo.App. 1988); *see also Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992). When a movant claims his plea was involuntary because he was misled by counsel, the test is whether movant's belief was reasonable. *Torrence v. State*, 861 S.W.2d 149, 150 (Mo.App.1993). In order to satisfy the prejudice prong of the *Strickland* analysis, movant must demonstrate that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. *Hagan*, 836 S.W.2d at 464.

Movant was first charged with the Class C felony of stealing more than $150 by deceit. During the plea hearing, it was discovered that insufficient facts existed to support this charge and the charge was amended to the Class D felony of attempted stealing. Movant then accepted the state's offer of a plea bargain. Pursuant to the plea bargain, the state agreed to recommend a five-year sentence and to dismiss three other charges pending against Movant. After questioning Movant at length about the plea, the motion court accepted Movant's guilty plea.

Movant then filed his Rule 24.035 motion alleging ineffective assistance of counsel and an evidentiary hearing was held. The only evidence submitted by Movant in support of the allegations contained in the motion was his own deposition.[2] Movant contends his attorney led him to believe that as part of the

---

1. There is no evidence in the legal file of the detainer that Movant alleges has been filed against him by the state of Oklahoma. We know nothing more about this detainer other than what was contained in the parties briefs. As best as we can decipher, it appears that Movant was in custody in Oklahoma and escaped. The detainer allegedly filed against him arises out of this escape from custody in Oklahoma.

2. Movant's counsel at the guilty plea hearing was unable to testify as he was living in Croatia at the time of the postconviction relief hearing.

plea agreement, he was going to receive drug treatment while he was in the Department of Corrections. Additionally, Movant contends that counsel advised him that he would be immune from a fugitive warrant issued by the state of Oklahoma as long as he remained in Missouri. Since entering the Department of Corrections he has received no drug treatment and has had a detainer lodged against him by the state of Oklahoma.

Testifying at the postconviction relief hearing on behalf of the state was Jake Skouby, an attorney that had represented Movant prior to his attorney at the guilty plea hearing.[3]

■ We first address Movant's allegation that his attorney informed him he would receive drug treatment as part of the plea bargain. Movant asserts that he was willing to accept a seven-year sentence in order to receive the cocaine treatment program. However, the following exchange took place at the hearing:

COURT: And look at the second page, paragraph 11 there, you'll find a statement as to the range of punishment for a Class D Felony. Would you read that out loud to me?

MOVANT: Who, me?

COURT: Yes, go ahead.

MOVANT: It says; my lawyer informed me that the range of punishment which the law provides is 1 to 5 years imprisonment, or one day to 12 months in the county jail, or a fine not exceeding $5,000, or both the fine and confinement in jail.

COURT: So what you have there is a range of punishment for a Class D Felony. And once again, there's four options available to the Court. The first option is a prison term for from one to five years. A second option is a county jail term for up to a year. A third option is a fine of up to $5,000. And a fourth option is a combination of two, the fine and the jail or prison term. Correct?

Movant: Yes, sir.

The transcript clearly indicates that Movant understood that there was not an option available to the motion court that would place Movant in prison for a seven-year period. Additionally, there followed a discussion about what was contained in the plea agreement and Movant gave no indication that he was expecting anything other than what was contained in the Memorandum of Plea Bargain.

COURT: Now, there's a Memorandum of Plea Bargain in this case which has been filed. That's Defendant's Exhibit B. And that document informs the Court that there is an agreement reached by your lawyer and yourself and the prosecuting attorney, and that calls for a plea of guilty to the Second Amended Information to a charge of attempted stealing, and the State would recommend a five year term in the Department of Corrections. The State would in turn dismiss several cases, and they are listed there in the form in front of you. And I think there are three, are there not?

MOVANT'S COUNSEL: That's correct, Your Honor.

. . . .

COURT: Is that the whole deal?

MOVANT: Yes.

COURT: Did you think anything else was agreed to other than that?

MOVANT: No.

The transcript reveals that Movant indicated that the conditions contained in the plea agreement constituted the entire agreement. The motion court specifically asked Movant if he thought anything else was agreed upon, to which he replied "No."

3. Movant was initially charged with forgery. This charge was dropped and the stealing charge was filed. Mr. Skouby represented Movant while the forgery charge was pending. He testified that he discussed the fugitive warrant with Movant and although he couldn't remember their precise conversation, he was certain that he never informed Movant that he would not be picked up on the Oklahoma warrant in the State of Missouri as that was not his understanding of the law. Mr. Skouby testified that he probably told Movant that after 90 days the fugitive warrant would run and Oklahoma could not come to Missouri and pick him up but that Jasper County could rearrest him on it in the future. Mr. Skouby testified that he never had any conversations with Movant on the possibility of his receiving drug treatment.

Movant also alleges that counsel misled him regarding the ramifications of an outstanding fugitive warrant from Oklahoma. He contends counsel informed him that after 90 days, the fugitive warrant from Oklahoma would expire and there could be no detainer lodged against him in Missouri.

In the motion court's very thorough findings of fact and conclusions of law, the court specifically stated:

A complete reading of the guilty plea transcript reveals that movant was afforded every opportunity to advise the Court of any 'promises' that were made to him. Not once did he tell the Court that one of his reasons for pleading guilty was the 'promise' that Oklahoma would not impose a detainer upon him as a result of their warrant.

The court also specifically stated it did not believe that counsel gave this advice to Movant.

In a proceeding for postconviction relief, credibility of the witnesses is for the motion court's determination. *State v. Tubbs,* 806 S.W.2d 746, 749 (Mo.App.1991). It is within the discretion of the motion court to believe or disbelieve Movant's testimony. *Royal v. State,* 868 S.W.2d 552, 555 (Mo.App.1994).

Even if the motion court had found Movant's belief to be reasonable, Movant can show no resulting prejudice from the plea agreement. Had Movant gone to trial, he would be faced with a scenario identical to the status quo; he would be facing the consequences of his escape from Oklahoma and he would have no drug treatment. Furthermore, Movant would be facing the three additional charges that were dropped pursuant to the plea agreement.

After reviewing the entire record, this Court cannot say that the motion court's denial of Movant's Rule 24.035 motion was clearly erroneous. The judgment is affirmed.

GARRISON and PREWITT, JJ., concur.