Louis Tony BRILEY, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 26905.

Missouri Court of Appeals,
Southern District,
Division I.

Dec. 27, 2005.

Kent Denzel, Assistant Public Defender, Columbia, MO, for appellant.

Jeremiah W. Nixon, Atty. Gen., and Jayne T. Woods, Asst. Atty. Gen., Jefferson City, MO, for respondent.

JAMES K. PREWITT, Presiding Judge.

Louis Tony Briley ("Movant") was charged by information filed on January 21, 2004, with four counts of the class C felony of forgery, in violation of § 570.090, RSMo 2000. Pursuant to a plea agreement, Movant entered a plea of guilty to one count of forgery in exchange for a recommendation of four years' imprisonment on that count and the dismissal of the other three counts. The trial court accepted Movant's plea. Movant waived a pre-sentence investigation, and the trial court sentenced Movant to four year's imprisonment, pursuant to § 558.011, RSMo 2000.[1]

At the time Movant entered his plea on January 22, 2004, he was on probation from a conviction for failure to pay child support in Buchanan County. The Stone County court ordered Movant's sentence to run concurrent with the sentence subsequently executed in Buchanan County.

---

1. Section 558.011 authorizes "a term of years not to exceed seven years" upon conviction for a class C felony.

**516** ◼ ◼◼◼◼◼◼◼◼◼◼

On April 6, 2004, Movant's probation was revoked and a two-year sentence executed in Buchanan County.

On April 27, 2004, Movant filed a *pro se* motion under Rule 24.035. Counsel was appointed, and an amended motion was filed. Movant's amended motion alleged, in part, that plea "counsel was ineffective in failing to adequately investigate and in misinforming movant of the sentence he faced in Buchanan County." An evidentiary hearing was held on September 28, 2004. Movant testified that plea counsel, Darwin Groomer, told him that the sentence previously imposed in Buchanan County was for a term of four years. Movant further stated that, had he known the Buchanan County sentence was for a term of four years, he "would have held out and took (sic) it to trial or tried to get a better plea bargain."

Groomer testified that Movant informed him of his probation in Buchanan County, and "[b]ased on what [Movant] told me, I understood it to be a four-year sentence." Groomer further testified that he did not investigate Movant's criminal history.

On February 23, 2005, the motion court filed its findings, conclusions and judgment and denied Movant's request for post-conviction relief. Movant filed his notice of appeal on February 23, 2005.

◼ In his first point, Movant maintains that "his guilty plea was not intelligently and voluntarily entered ... in that plea counsel ... failed to advise [Movant] that his Buchanan County sentence was actually for four years rather than the two years that [Movant] believed." Movant further asserts that "while [Movant's] belief was reasonable, counsel's failure to follow up" or independently verify or review Movant's criminal history entitles Movant to a vacation of his plea and a trial on the charges.

◼ Appellate review of the dismissal of a motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k). A motion court's findings are clearly erroneous if, after a review of the entire record, this court is left with the definite and firm impression that a mistake has been made. *Fogle v. State*, 124 S.W.3d 509, 511 (Mo. App.2004).

◼ "Where there is a guilty plea, effectiveness of counsel is relevant only as affecting the voluntariness of the plea." *Felton v. State*, 103 S.W.3d 367, 371 (Mo.App. 2003). The burden of proof is upon Movant to establish grounds for relief by a preponderance of the evidence. *Id.*

During examination of Movant at the plea hearing, the court asked Movant if he understood that "in exchange for your plea of guilty the Prosecuting Attorney has agreed to recommend that you be sentenced to four years on Count I of the felony information to be served concurrent with any probation violation." Movant affirmed that he understood the recommendation.

Prior to sentencing, plea counsel asked that Movant's "sentence be run concurrent with the sentence he is going to receive in Buchanan County for ... a probation violation, and that it will be also run concurrent with any misdemeanor deals that are made today." The plea court noted that "the sentence shall run concurrent with the Buchanan County probation violation case, and also we'll ensure that the ... misdemeanor runs concurrent with the ... felony case." The court then sentenced Movant to a four-year term of imprisonment and ordered "that this sentence run concurrent with any sentence the Defendant serves in relation to the Buchanan County case." Nowhere in the plea hearing transcript did Movant express a belief

that his sentencing for the charge in Stone County would be for the same term as the sentence imposed in Buchanan County.

We have previously noted that Movant testified at his evidentiary hearing that Groomer informed Movant that the sentence imposed in Buchanan County was for a term of four years, while Groomer testified that he received that information from Movant. On cross-examination, Movant stated that at the time he entered his guilty plea to the charge in Buchanan County, he understood that the sentence he received was for a term of two years. Movant also stated that prior to his plea on the charge of non-support in Buchanan County, he had been prosecuted on a separate forgery charge in Stone County, a charge of "[d]riving on suspended," charges of "joyriding," forgery and stealing in Arkansas, and another charge of non-support in Buchanan County on October 31, 2002. He indicated that he had entered pleas of guilty on some of these charges. On February 6, 2004, Movant entered a guilty plea to a charge of forgery in Barry County and received a four-year sentence.

Groomer also testified that Movant was anxious to enter a guilty plea and that the sentence imposed be concurrent with the sentence in Buchanan County. He stated: "[Movant] was anxious to get it done right away. But I was able to hold him off long enough to get in his discovery, which I believe he received a copy of it. And then ... we almost immediately thereafter did a plea."

The motion court found, in part, that "[t]he plea bargain agreement was quickly entered into at the insistence of the [Movant]. [Movant's] prior criminal history, including the information about the Buchanan County case, was furnished by [Movant], which counsel relied upon in

advising [Movant] in relation to the plea bargain offer."

Counsel has a right to rely on a client's statements as to certain historical events. *Loggins v. State*, 764 S.W.2d 670, 673 (Mo. App.1988). Information such as the term of imprisonment imposed should have been known to Movant. "If movant's convictions or arrests were so numerous that he could not remember them, he should have told counsel as much." *Id.*

■ "In a proceeding for postconviction relief, credibility of the witnesses is for the motion court's determination." *Church v. State*, 928 S.W.2d 385, 388 (Mo.App.1996). "It is within the discretion of the motion court to believe or disbelieve Movant's testimony." *Id.* The motion court found plea counsel to be credible, and we find no abuse of discretion in its determination. Point I is denied.

■ Movant's second point contends that the motion court failed to enter specific findings of fact and conclusions of law, as required by Rule 24.035(j), on Movant's claim that plea counsel was ineffective for failing to investigate Movant's criminal history. Movant's amended motion contains one sentence wherein he alleges a failure to investigate: "Movant's counsel was ineffective in failing to adequately investigate and in misinforming movant of the sentence he faced in Buchanan County."

■ On this issue, the motion court found as follows:

The testimony presented, along with the transcript of proceedings of January 22, 2004, reflect the defendant wanted to enter a guilty plea in the Stone County case from the first visit with his counsel, and the plea was delayed by counsel in order to obtain discovery from the Prosecuting Attorney's Office. The plea bargain agreement was quickly entered into at the insistence of the defendant. De-

fendant's prior criminal history, including the information about the Buchanan County case, was furnished by the defendant, which counsel relied upon in advising the defendant in relation to the plea bargain offer.

There is no precise formula to which findings and conclusions must conform. *State v. Taylor*, 929 S.W.2d 209, 223 (Mo.banc 1996). Findings and conclusions are sufficient if they permit an appellate court to meaningfully review whether those findings and conclusions are clearly erroneous based on Movant's contentions. *Woods v. State*, 861 S.W.2d 577, 583 (Mo.App.1993).

Here, the motion court's findings on the ineffective assistance of counsel claim are sufficient to allow this court to conduct a meaningful review and conclude that the same are not clearly erroneous. Movant's second point is denied.

The judgment is affirmed.

PARRISH, J., and RAHMEYER, J., concur.