STATE of Missouri, Respondent,

v.

Ivan Doyle HORNBECK, Appellant.

No. 49966.

Missouri Court of Appeals,
Eastern District,
Division One.

March 4, 1986.

Transfer Denied April 1, 1986.

Application to Transfer Denied
May 13, 1986.

Claude Hanks, St. Louis, for appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of one count of tampering with a witness and one count of tampering with physical evidence. He received consecutive five year prison terms by the court on each count.

His first point on appeal challenges the exercise by the prosecutor of his preemptory challenges to remove all black veniremen from the jury panel. The law on this issue is well settled in this state and follows the law set out in *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). See *State v. Garrett,* 627 S.W.2d 635 (Mo. banc 1982) [13, 14]; *State v. Hurley,* 680 S.W.2d 209 (Mo.App.1984) [2]; *State v. Sims,* 639 S.W.2d 105 (Mo.App. 1982) [11]. The record here does not establish any one of the three elements required

under *Swain* to support a claim of an unconstitutionally composed jury.

Defendant next challenges the sufficiency of the evidence to support conviction of the charge of tampering with physical evidence. Sec. 575.100 RSMo 1978 provides:

"1. A person commits the crime of tampering with physical evidence if he:

(1) Alters, destroys, suppresses or conceals any record, document or thing with purpose to impair its verity, legibility or availability in any official proceeding or investigation; or

(2) Makes, presents or uses any record, document or thing knowing it to be false with purpose to mislead a public servant who is or may be engaged in any official proceeding or investigation...."

The charge here arose from the use at a prior trial of tickets to a wrestling match to prove that defendant had an alibi for the time when the prior offense occurred. There was nothing false about the tickets as such. What was false was the testimony of a witness at that trial that she and defendant had used the tickets to attend the match.

■■■ Subparagraph (1) obviously has no application in this case. There are no cases in Missouri interpreting subparagraph (2) of the statute. In interpreting it we must construe it liberally in favor of the defendant and strictly against the state. *State v. Treadway,* 558 S.W.2d 646 (Mo. banc 1977) [15], *cert. den.* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135. Any doubt as to the meaning of the statute must be resolved in favor of the defendant. *State v. Scilagyi,* 579 S.W.2d 814 (Mo.App.1979) [1]. A criminal statute will not be construed to include offenses, acts or persons which are not clearly described and provided for within the spirit and letter of the statute. *State v. Kayser,* 552 S.W.2d 27 (Mo.App. 1977) [2–6].

■■■ Subparagraph (2) prohibits the use of any record, document or thing

*knowing it to be false.* The statute deals with the use of a false document, not with the false use of a genuine document. The vice to which the statute is addressed is the falsification and use of physical evidence. False testimony of the use made of a genuine document is adequately covered by Sec. 575.040 RSMo 1978, dealing with perjury. The evidence does not establish that defendant used or presented a false record, document or thing and his conviction of tampering with physical evidence cannot stand.

Judgment reversed on count of tampering with physical evidence; judgment affirmed on count of tampering with a witness.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.