Willie W. PORTER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 56244.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 6, 1990.

Lew A. Kollias, Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

JOSEPH J. SIMEONE, Senior Judge.

Movant, Willie W. Porter, appeals the denial of a motion to vacate sentence filed pursuant to Rule 24.035 after an evidentiary hearing. The motion alleged that his guilty plea was not knowing and voluntary since defense counsel failed to investigate character witnesses and failed to advise him that character witnesses may testify at trial. Movant pleaded guilty to the offense of murder in the second degree on October 1, 1987. Section 565.021, R.S.Mo.1986. He was sentenced to a term of 25 years.

Briefly, the state's evidence showed that the victim, Jerry Owens, knew the movant. On December 25, 1986, the movant and the victim were both visiting the victim's girlfriend's house which was across the street from the movant's house. The two had an argument and the movant left. When Jerry Owens left shortly thereafter, he found the windows on his truck broken. The victim left and went to pick up his brother. They returned to Willie Porter's house and broke out all the windows on the side of the movant's house.

After this occurred, the movant and his friends including William Dudley chased Owens to a vacant lot in the City of St. Louis. Here, William Dudley struck Jerry Owens with his fist; and Willie Porter struck Owens numerous times with a wooden club. Dudley and others pulled Porter away from Owens and then left the scene. The autopsy determined the beating was the cause of death. On March 29, 1987, the movant was charged with one count of first degree murder pursuant to Section 565.020, R.S.Mo.1986. On October 1, 1987, the defendant pleaded guilty to the reduced charge of second degree murder pursuant to Section 565.021, R.S.Mo.1986.

On May 25, 1988, appellant filed a *pro se* motion for postconviction relief pursuant to Rule 24.035. Counsel was appointed to represent appellant, but no amended motion was ever filed. Appellant's motion alleged that the guilty plea was not knowingly and voluntarily made but based on trial counsel's ineffectiveness in several respects including failure to consult with possible character witnesses. The motion court denied the motion finding that trial counsel's testimony was credible in rebutting the allegations, and that the movant refuted his own claims in the guilty plea transcript.

On appeal, the appellant claims that the court erred in denying his motion filed under Rule 24.035 because appellant was denied effective assistance of counsel in that counsel failed to investigate character witnesses and failed to advise appellant that he could have presented character evidence if he had gone to trial.

Review of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j); *Mallett v. State,* 769 S.W.2d 77, 79 (Mo. banc 1989). The motion court's findings and conclusions are clearly erroneous only if a

review of the record leaves the appellate court with a definite and firm belief that a mistake has been made. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State;* 738 S.W.2d 856, 857 (Mo. banc 1987). The two-part Strickland test applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). After a plea of guilty, the ineffectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987). *DeHart v. State,* 755 S.W.2d 611 (Mo.App.1988).

The credibility of witnesses is for the motion court's determination, and it may reject testimony even though no contrary evidence is offered. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986).

As to a claim of ineffectiveness based on the failure to investigate witnesses, movant must prove that (1) the character witnesses could have been located through reasonable investigation, (2) the witnesses would have testified, and (3) the witnesses would provide a viable defense. *Shaw v. State,* 766 S.W.2d 676, 681 (Mo. App.1989).

In the case at bar, the movant contends that defense counsel failed to investigate character witnesses. The record supports the motion court's finding that the claim is refuted by the testimony of counsel who stated that she had obtained all discovery, and had conducted a good investigation including personal contact. Trial counsel testified that she was given a list of witnesses and she contacted all she was able to locate. Further, these witnesses were not alibi witnesses nor would they have contradicted any testimony offered by the state, and movant's testimony as to their evidence was extremely vague. Thus, we find no merit in movant's contention that defense counsel was ineffective for failing to investigate character witnesses.

Movant's second contention on appeal is that defense counsel failed to advise movant that he could have presented character evidence on his behalf if he would have gone to trial. This claim was not properly preserved for appellate review. Claims not raised in the motion court cannot be raised for the first time on appeal. *Grubbs v. State,* 760 S.W.2d 115, 120 (Mo. banc 1988). In the case at bar, the movant's motion, although it contained several general allegations, which were properly disregarded as ruled by the motion court, did not specifically aver that counsel failed to advise him that character evidence could be presented at trial. Thus, this court is precluded from reviewing this allegation. Although not preserved, we note that the test for an intelligent and voluntary plea is not whether each and every detail is explained, but whether it is voluntarily made. *Baker v. State,* 524 S.W.2d 144, 147 (Mo. App.1975).

The record shows that the plea was voluntarily and understandingly made. The plea was unaffected by any alleged ineffective assistance of counsel. The motion court did not err in denying movant's 24.-035 motion.

The judgment is affirmed.

SIMON, C.J., and DOWD, P.J., concur.