**James McPHERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 59278.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 1, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1991.

Application to Transfer Denied
Dec. 17, 1991.

Brian N. Brown, St. Louis, for appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, James McPherson, appeals the denial of his Rule 24.035 motion. We affirm. On December 14, 1989, appellant pled guilty in the Circuit Court of the City of St. Louis to the charge of second degree burglary, RSMo § 569.170 (1986). On January 26, 1990, appellant was sentenced, as a Class X offender RSMo § 558.019 (Supp. 1989), to five years in prison.

On April 18, 1990, appellant filed a motion for post-conviction relief pursuant to Rule 24.035. Appellant later filed a *pro se* amendment to his motion, alleging that he was improperly classified as a Class X offender. On May 9, 1990, counsel was appointed for appellant and, on August 6, 1990, appellant's appointed counsel filed an untimely second amended motion.[1]

On September 21, 1990, an evidentiary hearing on appellant's motion was held in the Circuit Court of the City of St. Louis. On September 26, 1990, the motion court filed findings of fact and conclusions of law denying appellant relief on his motion. The court found, *inter alia*, that appellant's claim that he was invalidly classified as a Class X offender was unfounded as a matter of law because burglary is classified as a "dangerous felony," RSMo § 556.-061 (1986), and Class X offender status applies to such "dangerous felonies." This appeal followed.

RSMo § 558.019.2 states in part:

The provisions of this section shall be applicable only to Class A and B felonies committed under the following Missouri laws: chapters 195, 491, 564, 565, 566, 567, 568, 569, 570, 571, 573, 575, RSMo, and dangerous felonies as defined in subdivision (8) of section 556.061, . . . .

RSMo § 558.019.2 (Supp.1989). Although second degree burglary is labeled as a Class C felony in RSMo § 569.170, burglary is one of the "dangerous felonies" enumerated in RSMo § 556.061(8) (1986).

Appellant's argument for relief is grounded in the definition of "dangerous felony." RSMo § 556.061(8). RSMo § 556.061(8) provides:

"Dangerous felony" means the felonies of armed criminal action, arson, assault, burglary, causing catastrophe, felonious restraint, forcible rape, forcible sodomy, kidnapping, voluntary manslaughter, murder, robbery or the attempt to commit any of these felonies.

RSMo § 556.061(8) (1986). Appellant admits that burglary is included in the above statute. However, since appellant pled guilty to second degree burglary, a Class C felony, and caused no actual physical danger to anyone, appellant contends the dangerous felony statute does not apply to him. He bases this claim on the violent nature of the other enumerated "dangerous felonies," in RSMo § 556.061(8) and contends the legislature could not have intended for Class X offender status to be applied to him. We disagree.

█ Our review of post-conviction motions is limited to a determination of whether the motion court clearly erred. Rule 24.035(j). The motion court's actions are deemed clearly erroneous only if a full review of the record leaves the appellate court with a definite and firm impression that a mistake has been made. *Antwine v. State*, 791 S.W.2d 403, 406 (Mo. banc 1990).

█ In the present case, we are left with no such firm impression. In the statute, the legislature states that burglary is a "dangerous felony." No distinction is

---

**1.** Despite the untimely nature of appellant's second amended motion, the trial court ruled on the merits of said motion in its findings of fact and conclusions of law. No appeal has been taken on this point.

drawn between the various degrees or the various felony classes nor did the legislature state that actual danger to another person was required. The legislature has drawn similar distinctions in other laws. *See e.g.* RSMo § 558.019.2 (Supp.1989) (quoted earlier in this opinion); RSMo § 558.016.4 (dangerous offender is one being sentenced for a felony during the commission of which he endangered or threatened the life of another). Therefore, since the legislature has drawn similar distinctions in other laws, and failed to draw a similar distinction in the instant law, we are left with the definite and firm impression that the legislature intended to omit any type of distinction whatsoever. Under this court's analysis, we believe the legislature meant that *all* burglaries, of whatever type, are to be considered "dangerous felonies" under § 556.061(8).

The decision of the motion court is affirmed.

REINHARD, P.J., and CRANE, J., concur.