**John FOX, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 59315.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 29, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1991.

Michael A. Gross, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, John Fox, appeals the denial of his Rule 24.035 motion after an evidentiary hearing. We affirm.

On April 17, 1990, movant pled guilty to four counts of burglary in the second degree, RSMo § 569.170 (1986), three counts of felony stealing, RSMo § 570.030.3(1) (1986), one count of stealing a firearm, RSMo § 570.030.3(3)(d) (1986), and one count of possession of cocaine, RSMo § 195.020 (1986) (repealed 1989). Pursuant to the terms of a plea agreement, movant was sentenced, as a prior and persistent offender, to a total of thirty years' imprisonment. Under the terms of the plea agreement, the State also promised not to bring charges against movant for twenty to thirty other burglaries for which movant was the prime suspect.

On August 6, 1990, movant filed a motion to vacate, set aside or correct judgment or sentence pursuant to Rule 24.035. In the motion, appellant alleged, *inter alia,* that his counsel inadequately investigated and prepared his case for trial and coerced him into pleading guilty. A hearing was held on the motion on October 12, 1990. On October 25, 1990, the motion court issued its findings of fact and conclusions of law denying movant relief. This appeal followed.

In an appeal from a motion court's action on a motion filed under Rule 24.035, appellate review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Witcher v. State,* 789 S.W.2d 123, 124 (Mo.App., E.D.1990); Rule 24.035(j). The findings and conclusions of the motion court are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Witcher,* 789 S.W.2d at 124.

Appellant's first claim on appeal is that the trial court erred in finding movant's guilty plea voluntary where his trial counsel failed to investigate movant's case and failed to adequately prepare for trial. We disagree.

Generally, the entrance of a plea of guilty waives any future complaint a movant might have about trial counsel's failure to investigate his case. *Sanders v. State,* 770 S.W.2d 447, 448 (Mo.App., E.D.1989). Claims of ineffective assistance of counsel are only relevant as they affect the voluntariness and understanding with which the plea of guilty was made. *Porter v. State,* 785 S.W.2d 308, 310 (Mo.App., E.D.1990). To succeed on a claim of lack of investigation, movant must allege what specific information movant's trial counsel failed to discover, that a reasonable investigation would have disclosed that information and the information would have aided the movant or improved the movant's position. *Blackmon v. State,* 767 S.W.2d 81, 83 (Mo.App., S.D.1989).

In the present case, movant's Rule 24.035 motion made the bare allegation that his counsel failed to investigate his case and failed to locate witnesses and evidence. Movant made no allegations regarding what evidence or witnesses should have been discovered by his counsel or what a full investigation of his case would have discovered. Nor did appellant make an allegation as to how any witnesses or evidence would have aided his case. The

testimony presented at the motion court is similarly inadequate.

■ We also note that movant assured the court at his guilty plea hearing that he was satisfied with his trial counsel's investigation of his case. Where a movant assures the trial court at his guilty plea hearing that he is satisfied with his trial counsel's performance, the movant cannot later claim the contrary. *Cramlett v. State*, 800 S.W.2d 813, 813–14 (Mo.App., E.D.1990). Point denied.

Movant next contends that the trial court erred in failing to find that his trial counsel and his trial counsel's investigator coerced him into pleading guilty by informing him that he would not be pled and sentenced as a persistent offender and by telling him that he would get a hundred years if he went to trial.

■ We initially note that movant's claim that he was informed he would not be sentenced as a prior and persistent offender was not presented to the motion court and is, therefore, not properly presented on appeal. *Kelly v. State*, 784 S.W.2d 270, 272–73 (Mo.App., E.D.1989). In any case, the claim is also clearly refuted by the record of the guilty plea hearing.

■ As for movant's claim that his counsel threatened that he'd receive more than one hundred years' imprisonment if he were to go to trial, movant's trial counsel testified that at the motion hearing she merely informed the movant of the maximum range of punishment possible for his crimes and told movant it was her opinion that if he went to trial he would get more than the thirty years recommended by the State in the plea agreement. Although movant testified that his counsel told him he would definitely get over a hundred years, it was well within the motion court's discretion to find a lack of credibility to this claim. *Porter v. State*, 785 S.W.2d 308, 310 (Mo.App., E.D.1990). In addition, we note the record of the guilty plea hearing discloses that movant stated to the trial court that no one coerced him into pleading guilty and he was giving his guilty plea

voluntarily and of his own free will. Point denied.

Movant's final point on appeal contends the motion court erred in excluding certain pieces of evidence from the motion hearing.

■ The first piece of evidence related to the nature and circumstances of movant's statement to police officers upon his arrest. We note, however, there is no claim in movant's Rule 24.035 motion relative to these statements. Movant's motion, instead, merely alleged the general failure to investigate. Movant contends on appeal the evidence regarding these statements was relevant to show the "investigative avenues open to trial counsel." As no specific claim went to the statements, however, we cannot find that the motion court erred in suppressing such evidence. A general claim of "failure to investigate" with no specific allegations should not be permitted to allow movants to conduct a fishing expedition in the hope that something will eventually turn up to help them.

■ Movant next contends that the motion court should have permitted movant's trial counsel's investigator to testify as to whether or not she had investigated fingerprint evidence in other burglary cases, other than the movant's. We note the investigator testified at the motion hearing that she had not checked movant's fingerprint evidence, and any evidence regarding her investigations into other cases would certainly be irrelevant. In addition, we note that no claim was made in movant's Rule 24.035 motion relevant to the fingerprint evidence. It was, consequently, also irrelevant on that ground.

■ Movant's final claim is that he should have been permitted to elicit from movant's trial counsel's investigator the approach used by movant's counsel and by the investigator when they were confronted with a defendant who refuses to plead guilty. The evidence movant wished to elicit was not, however, evidence of how they approached him, but was evidence as to how they have approached defendants in other cases. This evidence was certainly irrelevant and the motion court did not err

in refusing to permit it. The decision of the motion court is affirmed.

REINHARD, P.J., and CRANE, J., concur.