Alexander JOHNSON,
Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. 61963.

Missouri Court of Appeals,
Eastern District,
Division One.

April 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 18, 1993.

Application to Transfer Denied
June 29, 1993.

Dave Hemingway, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Movant appeals from the denial, after an evidentiary hearing, of his Rule 24.035 motion for postconviction relief. We affirm the judgment, as corrected.

On August 26, 1991, movant pled guilty to second-degree burglary in violation of § 569.170 RSMo 1986 and felony stealing in violation of § 570.030 RSMo 1986. Pursuant to a plea agreement, movant was sentenced as a prior, persistent, and class X offender to concurrent terms of fourteen years' imprisonment for each offense, the

terms to run concurrently with sentences movant was already serving.

Movant filed a pro se Rule 24.035 motion on October 23, 1991, and an amended motion and request for evidentiary hearing on February 6, 1992. A hearing on the motions was held March 20, 1992. After the hearing, the motion court issued findings of fact, conclusions of law, and an order denying movant relief. Movant appeals.

In reviewing an appeal from a motion court's action on a motion filed pursuant to Rule 24.035, we are limited to a determination of whether the court's findings and conclusions are clearly erroneous. Rule 24.035(j); *Fox v. State*, 819 S.W.2d 64, 66 (Mo.App.1991). Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression a mistake has been made. *Fox*, 819 S.W.2d at 66.

In point one, movant contends the motion court clearly erred in denying relief on his claim that he was improperly sentenced as a class X offender[1] pursuant to § 558.019 RSMo (Supp.1990), since second-degree burglary and stealing are not class A, class B, or dangerous felonies within the purview of that statute.[2] Section 558.019.2 RSMo (Supp.1990) provides, in part:

> The provisions of this section shall be applicable only to class A and B felonies committed under the following Missouri laws: chapters 195, 491, 564, 565, 566, 567, 568, 569, 570, 571, 573, 575, RSMo, and dangerous felonies as defined in subdivision (8) of section 556.061, RSMo.

Second-degree burglary is a class C felony, § 569.170 RSMo 1986, and stealing is a class C felony when the value of the property appropriated is $150.00 or more, as here. § 570.030.3(1) RSMo 1986. Of the two offenses, only burglary is included in the list of "dangerous felonies" enumerat-

---

**1.** A "class X offender" is "one who has previously pleaded guilty to or has been found guilty of three felonies committed at different times." § 558.019.4(3) RSMo (Supp.1990).

**2.** The state argues movant was properly adjudicated a class X offender because his *prior* convictions were "dangerous felonies" within the meaning of § 558.019.2. However, in determin-

ing the applicability of that statute, we look to whether *the felonies with which the defendant is presently charged* are class A, class B, or dangerous felonies. *See* MACH–CR 2.30, Notes on Use 4 [1992 Revision]. As we interpret the statute, the prior offenses must be felonies, § 558.019.4(3), but need not be of a particular degree or class.

ed in § 556.061(8) RSMo (Supp.1990).[3]

■ Section 558.019 does not apply to the offense of felony stealing in violation of § 570.030, since the offense is a class C felony not included in the definition of dangerous felonies in § 556.061(8). The judgment is improper to the extent it purports to apply the class X designation to movant's sentence for that offense.

■ However, we reject movant's attack on the validity of his sentence as a class X offender for second-degree burglary. On this point, movant concedes that "burglary" is designated a "dangerous felony" in § 556.061(8), but argues that designation refers only to burglary in the first degree. Specifically, movant contends second-degree burglary is not a "dangerous felony" for purposes of a defendant's designation as a class X offender, because "it does not involve the presence of any innocent victim who might be in danger of physical injury in the course of the offense."

■ In *McPherson v. State*, 818 S.W.2d 708 (Mo.App.1991), this court found the legislature intended to include all burglaries within the definition of "dangerous felony" in § 556.061(8), regardless of degree, felony class, or the presence of actual danger to a person other than the defendant. *Id.* at 709–10. In so holding, we noted the legislature has drawn such distinctions in other laws, but failed to do so in § 556.061(8). Movant argues *McPherson* is inapposite, because the court in that case did not address the statutory maxims of liberal construction of criminal statutes in favor of the defendant and strict construction against the state. *See State v. Hornbeck*, 707 S.W.2d 809, 810 (Mo.App. 1986). Nevertheless, we presume the legislature intended what a statute says by clear and unambiguous language, *State v. Gilmore*, 797 S.W.2d 802, 811 (Mo.App. 1990). Further, we note that the "canon [of strict construction] is not to be applied inflexibly, to override all other considerations." *Id. (quoting State v. Daugherty,*

744 S.W.2d 849, 853 (Mo.App.1988)). *McPherson* is dispositive of movant's claim.

In point two, movant argues the motion court erred in denying his claim that trial counsel was ineffective for "fail[ing] to investigate the charges sufficiently to realize the inapplicability of the [c]lass X minimum terms" in § 558.019.

■ Movant raised no ineffective assistance of counsel claim in his pro se motion. In his amended motion, movant claimed only that he was denied effective assistance of counsel because his attorney "did not sufficiently investigate the charges against the movant and therefore could not counsel the movant concerning his possibility of an acquittal at trial." At the evidentiary hearing on the motions, no testimony was adduced concerning the grounds of ineffective assistance movant now alleges, namely, that counsel was ineffective for failing to investigate movant's class X designation. Because this issue was not considered by the motion court, it is not properly before this court. *State v. Kittrell*, 779 S.W.2d 652, 657 (Mo.App.1989). We cannot review claims not properly presented to the motion court, for plain error or otherwise. *Id.* Accordingly, point two is denied.

Pursuant to Rule 84.14, we correct the judgment and sentence to eliminate application of § 558.019 to movant's conviction of felony stealing in violation of § 570.030. The portion of the judgment and sentence applying § 558.019 to movant's conviction of second-degree burglary in violation of § 569.170 is not affected by this opinion. The judgment of the guilty plea court and movant's sentencing as a persistent offender under § 558.016 RSMo (Supp.1990) remain as ordered.

As corrected, the judgment is affirmed.

REINHARD and CRIST, JJ., concur.

---

3. Section 556.061(8) defines a "dangerous felony" as "the felonies of armed criminal action, arson, assault, burglary, causing catastrophe, felonious restraint, forcible rape, forcible sodomy, kidnapping, voluntary manslaughter, murder, robbery or the attempt to commit any of these felonies."