Charles CHAMBERS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 68777.

Missouri Court of Appeals,
Eastern District,
Division One.

June 11, 1996.

Deborah B. Wafer, Eastern Dist. Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Charles Chambers (movant) appeals a denial of his Rule 24.035 motion for post conviction relief. He pled guilty to two counts of second degree burglary and two counts of stealing over one hundred and fifty dollars. The court found he was a prior and persistent and class X offender and sentenced him to five years imprisonment for each count to be served concurrently, but consecutively to an unrelated sentence he was serving when he tendered the pleas. We affirm.

Movant filed a motion for post conviction relief to remove class X designation from all sentences. The motion court granted relief on the stealing charges but denied relief on the burglary charges after finding they were dangerous felonies under § 556.061(8) RSMo Cum.Supp.1993.

Movant contends the motion court erred by improperly sentencing him as a class X offender as to his burglary second degree convictions. He claims under § 1.160 RSMo 1994, he should receive the benefit of newly amended § 556.061(8) RSMo 1994 which eliminated burglary from the list of dangerous felonies.

We review in accord with Rule 24.035 and *Hamilton v. State*, 865 S.W.2d 374, 375 (Mo. App. E.D.1993). Class X offender status applied only to class A and B felonies and dangerous felonies as defined in § 556.061(8) RSMo 1994. Prior to August 28, 1994, burglary was defined as a "dangerous felony" regardless of degree, felony class, or the presence of actual danger to a person other than the defendant. Section 556.061(8) RSMo 1993; *Johnson v. State*, 854 S.W.2d 539, 541 (Mo.App. E.D.1993); and *McPherson v. State*, 818 S.W.2d 708, 709–710 (Mo. App.1991). Effective August 28, 1994, the Missouri legislature amended § 556.061 to exclude burglary as a dangerous felony. Section 556.061(8) RSMo 1994.

Movant was sentenced one month before the effective date of the 1994 amendment which provides "if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law." Section 1.160 RSMo 1994. Section 1.160 RSMo 1994 allows a movant to benefit from an amended statute only if the statute's effective date is prior to the original sentencing. *State v. Dean*, 898

S.W.2d 704, 707 (Mo.App. W.D.1995); *State v. Davis,* 867 S.W.2d 539, 542 (Mo.App. W.D. 1993).

Here, movant was sentenced on July 25, 1994. The effective date of the amendment to § 556.061(8) was August 28, 1994, one month after sentencing. The amendment does not apply to movant.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.