Larry G. GRAY, Appellant,

v.

STATE of Missouri, Respondent.

No. 21981.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 30, 1998.

David Simpson, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kevin F. Hennessey, Asst. Atty. Gen., Jefferson City, for Respondent.

GARRISON, Chief Judge.

Larry G. Gray ("Movant") was charged with possession of a controlled substance (cocaine) in violation of § 195.202. The case was set for trial on August 16, 1995. On June 6, 1995, Movant appeared with counsel and entered a plea of guilty pursuant to a plea agreement. In keeping with that agreement, the prosecutor recommended a seven-year sentence, suspension of the execution of that

sentence, and supervised probation for five years. The trial court followed that recommendation, but additionally required that Movant submit to drug testing as requested by his probation officer.

A probation violation report was filed concerning Movant in January 1996, but the court ordered him continued on probation. Another violation report was filed in June 1996, alleging that Movant had tested positive for cocaine. Another similar report was filed later that same month, alleging that Movant had admitted using cocaine, had failed to report to his probation officer as directed, and had failed to notify the officer of a change of residence. The court revoked Movant's probation after he admitted having violated its terms, and ordered the previously imposed sentence to be executed. The order revoking probation, however, recommended that Movant be placed in an institutional treatment center and provided that the trial court would retain jurisdiction pursuant to § 559.115. The trial court indicated its intent to place Movant back on supervised probation upon a successful completion of the treatment program and receipt of a favorable report from the department of corrections. The court released Movant on his own recognizance and ordered him to report to the sheriff's office for transportation to the Missouri Department of Corrections at the direction of his probation officer.

Movant failed to appear when directed by his probation officer, and he was subsequently arrested on a capias warrant. When he appeared before the trial court, he said that he had not appeared to be transported to the department of corrections because he "didn't have no way down there." The trial court then amended its previous order relative to retaining jurisdiction pursuant to § 559.115, and ordered that the previously imposed seven-year sentence be executed.

Movant filed a *pro se* Motion To Vacate Or Set Aside The Judgment Or Sentence pursuant to Rule 24.035, which was amended by appointed counsel. The motion court denied the motion after an evidentiary hearing. In its Findings of Fact and Conclusions of Law, it noted the State's contention that Movant should be denied relief by applying the "escape rule," but concluded that it should determine the post-conviction motion on its merits rather than denying relief by applying the rule.

■ The State urges on this appeal that consideration of the merits of Movant's appeal should be barred by applying the "escape rule." The "escape rule" operates to deny the right of appeal to a defendant who escapes justice. *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). It has been held that the "escape rule" may result in the dismissal of an appeal from the denial of a post-conviction motion just as well as a direct appeal. *Id.* at 812; *Hicks v. State*, 824 S.W.2d 132, 134 (Mo.App. S.D.1992); *Stradford v. State*, 787 S.W.2d 832, 833–34 (Mo. App. E.D.1990). The rule has been applied to deny relief under a post-conviction motion where the movant failed to appear for sentencing. *Vangunda v. State*, 922 S.W.2d 857, 858–59 (Mo.App. S.D.1996). The same has been true where a movant, who was on probation, left the state without informing his probation officer. *Clayton v. State*, 910 S.W.2d 369, 370 (Mo.App. S.D.1995); *Hicks*, 824 S.W.2d at 134.

■ The "escape rule" is based on several rationales, including the need of a court to retain control over a defendant; to preserve respect for the judicial system; to prevent administrative problems for courts; and to discourage escape. *Id.* at 134. An escape shows contempt for the judicial system, and the courts have recognized that those who seek the protection of the legal system must be willing to abide by its rules and decisions. *Id.* In *Troupe* the Missouri Supreme Court held that the relevant inquiry in deciding whether to apply the "escape rule" is whether the escape adversely affects the criminal justice system, a decision left to the sound discretion of the appellate tribunal. 891 S.W.2d at 811.

Although the record on appeal in the instant case does not clearly indicate what the time interval was between Movant's failure to appear for transportation to the department of corrections and his arrest under the capias warrant, the State argues in its brief that it was two days. In *State v. Branch*, 811

S.W.2d 11, 12 (Mo.App. W.D.1991), the court said that "[i]t is the escape and not the lapse of days the escape measures that operates to disentitle the right of appeal.…" While any attempt to escape justice indicates an unwillingness to abide by the rules and decisions of the legal system, as well as contempt for the authority of the courts, we are reminded of the holding in *Troupe* that the determinative question is whether such escape or evasion adversely affects the criminal justice system. 891 S.W.2d at 811. The motion court here chose not to apply the escape rule and decided, instead, to rule the case on the merits. We are unable to conclude that it erred in that respect. We too will decide the case on the merits, but in doing so we do not intend to indicate that these facts could never justify imposition of the escape rule.

In his sole point on appeal, Movant contends that the motion court erred in denying his Rule 24.035 motion because his plea counsel was ineffective, resulting in his guilty plea having been involuntary and not intelligently entered. In support, he argues that his plea counsel failed to investigate the case, and that he would not have pleaded guilty if counsel had contacted witnesses who were in the car when he was arrested and "confirmed that he was not guilty."

Although the record before us is less than clear, it appears that Movant was arrested when the car in which he was riding was stopped by authorities. We gather that four other people also occupied the car, but that only Movant was arrested and charged with possession of cocaine. We assume that the charge arose from cocaine that was found in the car at the time of arrest.

In his Rule 24.035 motion, Movant pleaded, among other things that:

3. Trial counsel was constitutionally ineffective, which led to movant having to plead guilty, because he failed to conduct a reasonable investigation of the case on movant's behalf. Trial counsel did not investigate movant's allegations that he was merely a passenger in the vehicle, that movant had no control of the vehicle in which he was riding, that movant had no possessory interest in the vehicle or any of the vehicle's contents, and that movant was the only person arrested of the five [5] persons in the vehicle. A reasonable investigation could have provided trial counsel with sufficient information to exonerate movant. In the absence of such investigation, movant was left only with the alternative to plead guilty. Therefore, movant's plea of guilty was involuntary.

4. Trial counsel was constitutionally ineffective for failing to investigate and inform the court that the person making suspicious movements in the vehicle was someone other than movant, that two of the witnesses against movant had in fact switched seats before the officer stopped the vehicle, and that movant readily cooperated with the officers while one of the other occupants did not immediately identify himself to the officer. Without such investigation, movant was without information to enter an informed and voluntary plea of guilty, thereby rendering his plea involuntary.

◼ Appellate review of the denial of a Rule 24.035 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Such findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* at 695–96. The party contesting the motion court's findings bears the burden of showing that they were clearly erroneous. *Lestourgeon v. State,* 837 S.W.2d 588, 590 (Mo.App. W.D.1992).

◼ A claim of ineffective assistance of counsel requires that a defendant show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that the defendant was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 694–95, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). In a guilty plea case, any claim of ineffective assistance of counsel is immaterial except to the extent

that it impinges the voluntariness and knowledge with which the plea was made. *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 378, 139 L.Ed.2d 295 (1997). In order to show prejudice in a guilty plea case, a movant must prove that, but for the errors of counsel, he would not have pled guilty and would have demanded a trial. *Id.*

Generally, the entrance of a guilty plea waives any future complaint about counsel's failure to investigate the case. *Fox v. State,* 819 S.W.2d 64, 66 (Mo.App. E.D.1991). "To succeed on a claim of lack of investigation, movant must allege what specific information movant's trial counsel failed to discover, that a reasonable investigation would have disclosed that information and the information would have aided the movant or improved the movant's position." *Id.*

Significantly, Movant told the trial court, when pleading guilty, that it was his decision to plead guilty; that he understood that he did not have to plead guilty; that he understood that if he went to trial, his counsel could not only cross-examine the witnesses against him, but could also use the power of the Court to bring in his own witnesses to testify on his behalf; that he was satisfied with the representation supplied by his counsel; that his counsel had done the things he was asked to do; that no one had forced him to plead guilty; that he was pleading guilty because he was in fact guilty of the charge; and that he had committed the act with which he was charged. Under similar circumstances, it has been held that "claims of failure to investigate factual issues are 'subsumed and rendered moot by [the] guilty plea.'" *Tolen v. State,* 934 S.W.2d 639, 643 (Mo.App. E.D.1996).

Movant testified at the evidentiary hearing on his Rule 24.035 motion that he did not give his attorney the names of the witnesses that he thought should be interviewed because he did not know them, but that his counsel could have gotten those names from the police reports. It appears from the record, however, that two of these witnesses testified for the State against Movant at the preliminary hearing and were cross-examined by Movant's plea counsel. Counsel tes-

tified at the evidentiary hearing that these witnesses were not beneficial to Movant. The record does not demonstrate whether the names of the other two occupants of the car were, in fact, contained in the police reports, or whether they were identified at the preliminary hearing.

Movant failed to plead or present evidence in support of his Rule 24.035 motion about what information other witnesses in the car would have been willing to give which would have demonstrated his innocence. He presented nothing to indicate that the cocaine in question was, in fact, possessed by others in the car.

There is nothing in the record to support Movant's contention that he would not have entered a guilty plea if his counsel had identified and interviewed the witnesses in question. Furthermore, at the evidentiary hearing, Movant admitted that his plea counsel did not encourage him one way or the other to accept the plea bargain offered by the State. Under such circumstances, we are justified in affirming the motion court. *See Collins v. State,* 792 S.W.2d 887, 889 (Mo. App. S.D.1990).

In denying relief under the motion, the motion court held that the allegations in the Rule 24.035 motion upon which Movant bases this appeal were not proven by a preponderance of the evidence; that Movant admitted that he committed the crime with which he was charged; that by pleading guilty Movant waived his complaints of failure to investigate; and that there was no showing of prejudice to Movant. We are unable to conclude that the motion court's findings were clearly erroneous. Accordingly, Movant's point is denied.

The judgment is affirmed.

MONTGOMERY and BARNEY, JJ., concur.